UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME LENORDA POWELL,

          Plaintiff,

v.

BELLINGHAM POLICE DEPT.,

          Defendant.

CASE NO. 2:22-cv-00251-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a detainee at the King County Regional Justice Center, filed a 42 U.S.C. § 1983 civil rights complaint against the Bellingham Police Department, City of Bellevue, Office Michael Shannon, Rite Aid Pharmacy, and Jordan Westergreen and Alden Nagel who are employees of Rite Aid Pharmacy. The allegations are based upon Plaintiff's 2020 arrest, criminal prosecution, and conviction in the Whatcom County Superior Court. By separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis* (IFP).

On March 18, 2022 the Court issued an order directing Plaintiff to show cause by April 5, 2022, why the complaint should not be dismissed for failing to state a claim. Dkt. 5. The Court advised Plaintiff that if he failed to file a response that shows cause why the complaint should not be dismissed or files a response that does not establish the case should proceed further, the Court will recommend this matter be DISMISSED without prejudice under 28 U.S.C. §§

REPORT AND RECOMMENDATION - 1

1915A(a) and 1915(e)(2). Plaintiff requested an extension of time and the Court granted him an extension to April 29, 2022. On May 4, 2022, the Court received Plaintiff's unsigned response. Dkt. 10. The Court having reviewed the response and the record, recommends the matter be DISMISSED without prejudice.

## DISCUSSION

### A. Legal Standards

The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff initiated this action by filing a form "Prisoner Civil Rights Complaint." The form Prisoner Civil Rights Complaint is used when a Plaintiff alleges a Defendant violated federal constitutional rights under 42 U.S.C. § 1983. To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420

(9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff brings an action under § 1983 and only certain parties or entities may be sued under this statute. The complaint names the Bellingham Police Department, City of Bellingham, and Rite Aid Pharmacy as Defendants.

The Bellingham Police Department is not a defendant that can be sued under § 1983. The capacity of a governmental body to be sued . . . is governed by the law of the state in which the district court is held. *N Grp. LLC v. Hawai'i Cnty. Liquor Comm'n*, 681 F.Supp.2d 1209, 1233 (D. Haw. 2009) (internal quotations and citations omitted); Fed. R. Civ. P. 17(b). For Plaintiff to sue the Police Department, the Department must "'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991)(citation omitted). Thus, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*.

The Bellingham Police Department is not a separate legal existence. Rather the City of Bellingham provides all services including those of the Police Department, and the chief of the police department is appointed by the Mayor of the City. See https://cob.org/gov and Bellingham Municipal Code Ch. 2.24. Accordingly, the Police Department should be dismissed form the action.

However, a municipality, such as the City of Bellingham may be sued under § 1983. However, to hold the City liable, Plaintiff must show the City itself violated his rights or that it directed its employee(s) to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the City's "policy statement,

1 ordinance, regulation, or decision officially adopted and promulgated by that body's Officers."
2 *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dept. of Soc. Servs.*,
3 436 U.S. 658, 690 (1978). The City may not be held responsible for the acts of its employees
4 under a respondeat superior theory of liability, i.e., the City is not liable simply because it
5 employs a police officer. *See Monell*, at 694. Therefore, to sue the City, Plaintiff must allege
6 facts showing that the alleged constitutional deprivation he suffered was the result of a custom or
7 policy of the City.

8 Additionally, the Rite Aid Pharmacy is not a proper defendant. Rite Aid is not a state
9 actor and the complaint does not articulate any facts indicating Rite Aid participated in the acts
10 alleged by Plaintiff.

11 The Court also notes that many, if not most, of Plaintiff's claims are allegations
12 Defendants committed state torts under Washington State Law, not that Defendants violated
13 Plaintiff's federal rights. State law violations normally should be brought before a state court, not
14 a federal court. Normally, if no viable federal claim is presented in a federal action, the Court
15 will decline to exercise jurisdiction over alleged state law violations. *See Brady v. Brown,* 51 F3d
16 810, 816 (9th Cir. 1995).

**B.     Plaintiff's Allegations**

18 The complaint before the Court relates to Plaintiff's April 18, 2020 arrest and subsequent
19 criminal prosecution and conviction in Whatcom County Superior Court, Case Number 20-1-
20 00437-8. *See* Dkt 4 at 6, and Dkt. 8, Response, Ex. 1 at 28. Although the complaint is unclear
21 about the course of Plaintiff's criminal proceedings, the Court takes judicial notice that April 18,
22 2020 was a Saturday, and state court records indicate Plaintiff made an initial appearance in the
23 Whatcom County Superior Court on Monday April 20, 2020. State Court records show Plaintiff

REPORT AND RECOMMENDATION - 4

subsequently pled guilty in this matter and was sentenced on November 23, 2020. Plaintiff later sought post-conviction relief under *State v. Blake* on August 3, 2021 and relief appears to have been denied.[1]

Count I of the complaint alleges "(malicious prosecution) abuse process, Bellingham Police Department/officer Michael Shannon/Rite Aid Pharmacy/Jordan Westergreen/Alden Nagel." Dkt.4 at 6. In support, Plaintiff alleges on April 18, 2020, he was falsely accused of robbery and burglary; Officer Shannon conspired with Mr. Nagel and Westergreen to falsely charge Plaintiff with crimes; and Rite Aid Store videos that would have cleared Plaintiff of any wrongdoing were not retained. The complaint avers Plaintiff sues these defendants for the state law torts of outrage. The complaint also alleges deprivation of freedom, mental health, companionship, tangible benefits which appear to be alleged injuries, rather than legal grounds for relief. *Id.* at 7-8.

Count II alleges Mr. Westergreen and Nagel, the Bellingham Police Department, Rite Aid and Officer Shannon violated Washington Revised Codes (RCW) 7.96, 4.24.350 and 4.36.120 ("Character defamation). In Count II, Plaintiff alleges Officer Shannon falsely claimed plaintiff threatened his life, and thus submitted fabricated police reports to assassinate Plaintiff's character. Id. at 9. Plaintiff also alleges Officer Shannon convinced or coerced Mr. Westergreen and Mr. Nagel to say Plaintiff made threats to kill. *Id*. at 10

---

[1] *See* https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S37&casenumber=209011519&searchtype=sName&courtClassCode=S&casekey=39296969&courtname=WHATCOM COUNTY SUPERIOR COURT&dspnav=case&lck=179600610&jis=1

REPORT AND RECOMMENDATION - 5

Count III alleges the Police Department "participated in excessive force." *Id*. at 10. Plaintiff alleges the Police went to the apartment of Plaintiff's ex-girlfriend and hit Plaintiff with beanbags, batons, and pepper spray. *Id*. at 11. The Count mentions Officer Shannon's false arrest of Plaintiff on April 18, 2020 but does not indicate Office Shannon or the Rite Aid employees were present when the police went to Plaintiff's ex-girlfriend's apartment. In this Count, Plaintiff alleges he is innocent of robbery and that on April 18, 2020 Jordan Westergreen "assaulted" him at the Rite Aid store. *Id*. at 11.

Count IV alleges Officer Shannon, the Police Department and Rite Aid (Mr. Nagel and Westergreen) committed slander under RCW 7.96, 4.24.350, 4.36.120. *Id*. at 12. Plaintiff claims the police reports portrayed Plaintiff as a very violent angry person who threatened the police and has mental health issues. *Id*. at 12.

Count V alleges the above defendants committed libel because all the police reports were written in order to convict Plaintiff of a crime "therefore making all written incident reports biased and untrue therefor committing libel." *Id*. at 13.

Count VI alleges intentional infliction of emotional distress by all defendants. The complaint does not allege facts supporting this state tort but alleges Plaintiff had a nervous breakdown after being accused of serious crimes.

Count VII alleges the Defendants destroyed evidence by not retaining the store surveillance tapes. *Id*. at 15.

Count VIII alleges defendants violated RCW 42.20.040 by submitting "false reports." *Id*. at 16.

As relief Plaintiff requests Officer Shannon be fired; that damages in the amount of $800,000 be awarded; that Office Shannon be ordered to have no contact with Plaintiff; that the

REPORT AND RECOMMENDATION - 6

Bellingham Police Department and Rite Aid each be ordered to pay dames in the amount of $250,000 and that each individual defendant be ordered to pay $100,000. *Id*. at 17.

C.       **Plaintiff's Response to the Order to Show Cause**

The present complaint contains deficiencies that Plaintiff was directed to address in his response to the Court's order to show cause. In his unsigned response, Plaintiff avers he is "filing the claim against Bellingham Police Department as it is a subdivision of the City of Bellingham." Dkt. 8 at 1. As noted above, the Bellingham Police Department is not a proper defendant and should accordingly be dismissed from this action.

The response also states Plaintiff names Officer Michael Shannon as a defendant because he conspired to destroy evidence that would have cleared Plaintiff of Robbery and Burglary charges. *Id.* at 2. In support, Plaintiff alleges video evidence regarding the crimes were lost or destroyed, fabricated police reports were created, and fabricated testimony was given. *Id.* Plaintiff contends Rite Aid employee Jorden Westergreen was fired from Rite Aid for violating a "no hands" policy, *id.* at 3, and Officer Shannon, Mr. Westergreen, and Rite Aid employee Mr. Nagel conspired against him. *Id.* at 4, 8. Plaintiff contends all of these acts show "malicious and retaliatory prosecution." *Id*. at 5. Plaintiff also criticizes Officer Shannon's investigation of the crimes filed against Plaintiff. *Id.* at 9.

In his response, Plaintiff also contends Defendant Officer Shannon was present when Plaintiff was arrested at his girlfriend's home, and excessive force was used. The response and attachments indicate Defendant Shannon was present and told Plaintiff he was under arrest; when Plaintiff refused to submit to arrest, other officers applied "pepperball" to the area Plaintiff was standing. The pepperball did not appear to have any effect on Plaintiff and Plaintiff continued to yell at the officers and acted aggressively. Police then shot pepperballs at Plaintiff

REPORT AND RECOMMENDATION - 7

which had little effect. Plaintiff alleges the force used would never have authorized by the City of Bellingham, but the response does not indicate Defendant Shannon used the force alleged. *Id.* at 6-7.

Finally, Plaintiff states in his response that he withdraws naming Rite Aid as a defendant but wishes to sue the Rite Aid employees involved in his arrest. *Id.* at 7.

Plaintiff's response does not cure the defects identified in the complaint. Plaintiff raises claims that are barred under *Heck v. Humphrey*, 512 U.S. 477 486 (1995) because the claims necessarily imply the invalidity of Plaintiff's criminal conviction related to the April 18 2020, arrest, criminal prosecution, and conviction. These Counts include I (malicious prosecution); Counts II, IV, V, VI and VIII (injuries and wrongs related to false police reports) and Count VII (failing to retain favorable evidence). The Supreme Court has held a Plaintiff can sue for damages for an allegedly unconstitutional conviction or imprisonment under § 1983 **only** if the conviction or sentence has been reversed, expunged, or declared invalid. *Heck v. Humphrey*, 512 U.S. 477 486 (1995). *Heck* bars Plaintiff's claims as to the Counts above because a judgment in favor of the allegation "would necessarily imply the invalidity of Plaintiff's criminal conviction. Here, Plaintiff pled guilty and was sentenced. He appealed in the state courts and relief was denied. There is nothing showing his conviction and sentence were overturned. These claims should therefore be dismissed.

Second, Plaintiff alleges in Count III alleges the Police Department "participated in excessive force" when they went to the apartment of Plaintiff's ex-girlfriend and hit Plaintiff with beanbags, batons, and pepper spray. The Police Department is not a proper defendant in a § 1983 action and the complaint does not allege Office Shannon was present at this incident. The response Plaintiff filed indicates Officer Shannon was present but there is nothing showing he

REPORT AND RECOMMENDATION - 8

shot Plaintiff with pepper spray, beanbags or used a baton. Plaintiff presents nothing establishing personal participation in the claimed use of excessive force. The claim should thus be dismissed.

Third, Plaintiff names as Defendants Rite Aid Pharmacy and Rite Aid employees Jordan Westergreen and Alden Nagel. The complaint fails to state a claim for relief against Rite Aid Pharmacy because the Pharmacy is not a state actor, and thus cannot be sued in federal court for a § 1983 constitutional violation. Further, there is nothing showing Rite Aid Pharmacy participated in any way to cause the harm Plaintiff alleges. Plaintiff has also withdrawn Rite Aid as a defendant. Rite Aid should be dismissed as a Defendant.

The Rite Aid employees, Westergreen and Nagel are also not state actors. However, Plaintiff alleges they conspired with a state actor, Officer Shannon. Conspiracy is not itself a constitutional tort under § 1983, and a conspiracy claim does not enlarge the nature of a plaintiff's claims. *Lacey v. Maricopa County,* 693 F.3d 896, 935 (9th Cir. 2012). Rather, there must be proof of an underlying constitutional violation to support a conspiracy claim.

To state a § 1983 claim involving conspiracy, Plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff must plead facts to show "the existence of an agreement or meeting of the minds" to violate the plaintiff's constitutional rights. *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). "Such an agreement need not be overt and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id*. (quoting *Mendocin*o, 192 F.3d at 1301). Thus, to state a plausible claim, Plaintiff must show each participant shared "the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc).

REPORT AND RECOMMENDATION - 9

Here, the complaint alleges in a conclusory manner that the Rite Aid employees conspired with Officer Shannon. No factual basis is presented. A complaint must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While legal conclusions can provide the framework of a complaint, "neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth." *Id*. at 1949-50. The complaint asserts a legal conclusion—that there was a conspiracy—but presents no facts that plausibly establish the conclusion. The thus complaint fails to state a claim that a conspiracy existed that would subject the non-state actors, the two Rite Aid Employees, to federal liability. Additionally, as the alleged conspiracy goes to Plaintiff's criminal conviction, the allegations is also barred under *Heck* discussed above.

And fourth, the complaint names the Bellingham Police Department and the City of Bellingham as Defendants. The Police Department is not a proper party that can be sued in federal court for federal violation because it is not a legal entity that is separate from the City. The City may be subject to liability, but the current complaint provides no facts showing the alleged violations were a product of a City policy, directive, or act. To the contrary, the complaint alleges that the police officer involved deviated from any possible City policy by "fabricating" police reports related to Plaintiff's arrest and prosecution. The response indicates Officer Shannon engaged in actions that the City would never permit, thus contradicting any basis that he acted pursuant to a City policy.

The current complaint, and response to show cause accordingly fail to state a federal claim upon which may be granted. Because no federal claims survive, the Court should decline to exercise jurisdiction over alleged state law violations. The Court accordingly recommends the complaint be dismissed without prejudice.

REPORT AND RECOMMENDATION - 10

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 25 2022**. The Clerk should note the matter for **May 27, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this order to Plaintiff.

DATED this 6th day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11